UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENA G. ALSPAW, | No. C 11-1144 SI (pr) |
|     Petitioner, | **ORDER ON INITIAL REVIEW** |
|   v. | |
| WALT HILLER, warden, | |
|     Respondent. | |

## INTRODUCTION

Rena G. Alspaw, an inmate at the Valley State Prison For Women in Chowchilla, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Her petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

This case comes to federal court with an interesting procedural history. Alspaw was convicted in the Santa Clara County Superior Court of first degree murder and was found to have used a firearm in the offense. On September 3, 1996, she was sentenced to 25 years to life plus five years in state prison. Her conviction was affirmed on appeal and the California Supreme Court denied her petition for review in 1998.

In or about 2007, Alspaw filed a habeas petition the Santa Clara County Superior Court under California Penal Code §1473.5, a provision that allows defendants to challenge older convictions with new evidence of expert testimony related to intimate partner battering and its

1  effects. According to the superior court, "Section 1473.5 was enacted so that these old cases
2  could be reexamined with the benefit of today's broader scientific framework and
3  understanding." Petition, Ex. A at 2. After hearing the matter, the superior court granted the
4  habeas petition and vacated Alspaw's conviction on June 23, 2009. See Petition, Ex. B. Her
5  victory was short-lived, however, as the California Court of Appeal reversed the order granting
6  the habeas petition. See Petition, Ex. C. The California Supreme Court apparently denied her
7  petition for review on November 23, 2010. See Petition, p. 5. She filed a petition for writ of
8  certiorari in the U. S. Supreme Court; that petition was denied on April 22, 2011 (according to
9  an entry on the California Court of Appeal's docket sheet)

10   Alspaw then filed this action, seeking a writ of habeas corpus. Her petition has a proof
11  of service indicating that it was mailed to this court on February 28, 2011. The petition was
12  stamped "filed" at this court on March 8, 2011, and came in an envelope postmarked March 7,
13  2011.

## DISCUSSION

16   This court may entertain a petition for writ of habeas corpus "in behalf of a person in
17  custody pursuant to the judgment of a State court only on the ground that he is in custody in
18  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose
19  v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order
20  directing the respondent to show cause why the writ should not be granted, unless it appears
21  from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. §
22  2243. Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District
23  Courts, a district court may also order the respondent to file another pleading where neither
24  summary dismissal nor issuance of an order to show cause why the writ should not be granted
25  appears appropriate.

26   Several procedural challenges to Alspaw's petition are quite possible – such as a challenge
27  to its timeliness, a challenge to the exhaustion of state court remedies for the claims in the

federal petition, and/or a challenge to the propriety of a federal court even entertaining a habeas challenge to a post-conviction review proceeding such as that conducted pursuant to California Penal Code §1473.5. This is a case where Rule 4 comes into play: the parties and the court should address potential procedural problems before the court merits are reached. If the petition has insurmountable procedural problems, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, respondent must either (1) move to dismiss the petition, or (2) inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case.

Petitioner requests that counsel be appointed to represent her in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. The interests of justice do not require appointment of counsel at this time. In her motion for appointment of counsel, petitioner stresses the need for counsel to aid in the presentation of expert testimony on the intimate partner battering question, but that question pertains to the merits of her claims and has already been litigated in state court. At this point, the procedural concerns about the petition predominate. The court will resolve any procedural challenges before considering the merits of her claims and before considering whether to appoint counsel. The request for appointment of counsel is DENIED.

/ / /

/ / /

# CONCLUSION

Good cause appearing therefor,

1. The clerk shall serve by certified mail a copy of this order and the petition upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

2. Respondent must file with the court and serve upon petitioner, on or before **July 1, 2011**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

3. If petitioner wishes to oppose the motion to dismiss, she must do so by filing an opposition with the court and serving it upon respondent's counsel on or before **August 5, 2011**.

4. Respondent may file and serve a reply on or before **August 19, 2011**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

6. Petitioner's application to proceed in forma pauperis is DENIED as unnecessary because she has paid the filing fee. (Docket # 2.)

7. Petitioner's motion for appointment of counsel is DENIED. (Docket # 3.)

IT IS SO ORDERED.

DATED: May 2, 2011

SUSAN ILLSTON
United States District Judge