UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RENA G. ALSPAW,                                    No. C 11-1144 SI (pr)

          Petitioner,                           **ORDER OF DISMISSAL**

    v.

WALTER MILLER, warden,

          Respondent.

                                 /

## INTRODUCTION

      Rena G. Alspaw, a *pro se* prisoner, filed a petition for writ of habeas corpus to challenge her 1996 murder conviction in Santa Clara County Superior Court. Respondent has moved to dismiss the petition as untimely and for failure to state a claim upon which habeas relief may be granted. Alspaw has opposed the motion. For the reasons discussed below, the court will grant the motion and dismiss the petition.

## BACKGROUND

      Alspaw shot her ex-boyfriend twice in the torso and twice in the head, then emptied his pockets and left his body on the trail where they had gone for a walk. She was convicted in the Santa Clara County Superior Court of first degree murder and was found to have used a firearm in the offense. On September 3, 1996, she was sentenced to 25 years to life plus five years in state prison. She appealed. The California Court of Appeal affirmed the conviction and sentence (with the exception of a restitution order) on February 5, 1998. The California Supreme Court denied her petition for review on April 22, 1998.

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1    On August 23, 2006, Alspaw filed a petition for writ of habeas corpus in the Santa Clara

2    County Superior Court.   On April 28, 2008, Alspaw filed an amended state habeas petition

3    alleging that she was entitled to relief under California Penal Code § 1473.5, a provision that

4    allows defendants to challenge older convictions with new evidence of expert testimony related

5    to intimate partner battering and its effects.   The Santa Clara County Superior Court granted the

6    § 1473.5 habeas petition and vacated Alspaw's conviction on June 23, 2009.   Her victory was

7    short-lived, however; on August 12, 2010, the California Court of Appeal reversed the order

8    granting the § 1473.5 habeas petition.   The California Supreme Court denied her petition for

9    review on November 23, 2010.   She filed a petition for writ of certiorari in the U. S. Supreme

10   Court on February 28, 2011.   That petition was denied on April 22, 2011, according to an entry

11   on the California Court of Appeal's docket sheet.   (The substance of the § 1473.5 petition rulings

12   is discussed later in this order.)

13   Alspaw then filed this action, seeking a writ of habeas corpus.   Her petition has a proof

14   of service indicating that it was mailed to this court on February 28, 2011.   The petition was

15   stamped  "filed" at this court on March 8, 2011, and came in an envelope postmarked March 7,

16   2011.  The petition is deemed filed as of February 28, 2011.[1]

17   Alspaw's federal habeas petition asserts claims for a due process violation and for

18   ineffective assistance of counsel.   Respondent now moves to dismiss on the grounds that (a)

19   Alspaw's claims are not cognizable in a federal habeas proceeding because they attack the

20   §1473.5 proceedings rather than the underlying conviction and (b) the claims are untimely.

21   Alspaw has opposed the motion.   She also later submitted legislative materials for § 1473.5 as

22   exhibits in support of her petition.

23

24

---

25   [1]As a prisoner proceeding *pro se*, Alspaw receives the benefit of the prisoner mailbox
     rule, which deems most documents filed when the prisoner gives them to prison officials to mail
26   to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).  The mailbox rule
     applies to the filing of the federal petition as well as the state petitions for purposes of
27   calculating compliance with the AEDPA.  *See id.*; *Saffold v. Newland*, 250 F.3d 1262, 1268
     (9th Cir. 2001), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002).

28

**DISCUSSION**

A.      Claims Regarding The §1473.5 Proceeding Cannot Support Federal Habeas Relief

       1.      Background

      As noted earlier, Alspaw's § 1473.5 habeas petition was granted by the Santa Clara County Superior Court, but that decision was reversed by the California Court of Appeal. The claims in Alspaw's federal habeas petition concern the California Court of Appeal's decision on that § 1473.5 petition. To analyze respondent's challenge to the federal petition, it is necessary to explain in greater detail what occurred in state court before considering the precise nature of Alspaw's claims to determine if they are of the sort that can be entertained in a federal habeas proceeding.

      California Penal Code § 1473.5 provides: "A writ of habeas corpus also may be prosecuted on the basis that expert testimony relating to intimate partner battering and its effects, within the meaning of Section 1107 of the Evidence Code, was not received in evidence at the trial court proceedings relating to the prisoner's incarceration, and is of such substance that, had it been received in evidence, there is a reasonable probability, sufficient to undermine confidence in the judgment of conviction, that the result of the proceedings would have been different."

      The California Court of Appeal determined that Alspaw was not entitled to relief under § 1473.5 for two independent reasons. First, "expert testimony relating to intimate partner battering and its effects *was* received in evidence at the 1996 trial." 2010 WL 3194678, *16 (emphasis added). That meant that she was not entitled to relief because the § 1473.5 procedure was available only if "expert testimony relating to intimate partner battering and its effects, within the meaning of Section 1107 of the Evidence Code, *was not* received in evidence at the trial court proceedings." Second, "even assuming that expert testimony on intimate partner battering and its effects was not received in evidence at Alspaw's 1996 trial, she has failed to establish prejudice," i.e., she had not made shown that the expert testimony was "'of such substance that, had it been received in evidence, there is a reasonable probability, sufficient to undermine confidence in the judgment of conviction, that the result of the proceedings would

have been different.'"   2010 WL 3194678, *16 (quoting Cal. Penal Code §1473.5).   In determining that there was a lack of prejudice, the state appellate court had "not considered evidence of [victim] Swanson's convictions for animal abuse" because that evidence was "not reviewable" under § 1473.5.   2010 WL 3194678, *19.

In her federal habeas petition, Alspaw asserts two claims.  First, she contends that the California Court of Appeal violated her right to due process "by depriving petitioner of her current statutory right [under § 1473.5]; rejecting subsequent IPB [i.e., intimate partner battering] expert exam as current understanding of IPB condition, and failing to allow petitioner to argue Swanson's criminal history of animal cruelty." Petition, p. 6a.  She further elaborates that the Court of Appeal's decision deprived her "of her current statutory right for her case to be retried using this new evidence."  *Id.*  Second, Alspaw contends that the California Court of Appeal violated her Sixth and Fourteenth Amendment rights "by unreasonably finding that the original trial counsel had a tactical reason for failing to admit evidence regarding Swanson's prior sadistic behavior," i.e., Swanson's history of animal cruelty.   Petition, p. 6e.

2.   <u>Analysis</u>

a.   <u>Due Process Claim</u>

A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that she is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).  In other words, "it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (emphasis in original).  Federal habeas relief is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *see, e.g.*, *Little v. Crawford*, 449 F.3d 1075, 1082 (9th Cir. 2006) (claim that state supreme court misapplied state law or departed from its earlier decisions does not provide a ground for habeas relief);

4

United States District Court
For the Northern District of California

1  *Moore v. Rowland*, 367 F.3d 1199, 1200 (9th Cir. 2004) (per curiam) (state's violation of its

2  separation-of-powers principles does not give rise to a federal due process violation).

3      Errors in the state post-conviction review process are not addressable through federal

4  habeas corpus proceedings. *See Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998); *Gerlaugh*

5  *v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997); *Villafuerte v. Stewart*, 111 F.3d 616, 632 n.7

6  (9th Cir. 1997); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989); *Kirby v. Dutton*, 794 F.2d

7  245, 247 (6th Cir. 1986). Such errors do not generally represent an attack on the prisoner's

8  detention and therefore are not proper grounds for habeas relief. They instead generally pertain

9  to the review process itself and not to the constitutionality of a state conviction. *See, e.g.*, 28

10  U.S.C. § 2254(i) (claims of ineffective assistance of state or federal post-conviction counsel not

11  cognizable on federal habeas review); *Franzen*, 877 F.2d at 26 (delay in state habeas proceeding

12  not addressable in federal habeas); *Hopkinson v. Shillinger*, 866 F.2d 1185, 1218-20 (10th Cir.

13  1989) (state court's summary denial of petition for post-conviction relief is procedural deficiency

14  in review process and does not offend federal constitutional rights); *Millard v. Lynaugh*, 810

15  F.2d 1403, 1410 (5th Cir. 1987) (denial of hearing on state collateral proceedings not

16  addressable in federal habeas); *see also Application of Gordon*, 157 F.2d 659, 660 (9th Cir.

17  1946) (allegation that state court decided appeal improperly not enough to state claim in federal

18  habeas).

19      The rule that federal habeas courts cannot address errors in the state post-conviction

20  procedure (such as a state habeas proceeding) may appear confusing at first blush in light of the

21  fact that federal habeas courts routinely entertain claims that were presented in state court in a

22  state habeas petition. The critical dividing point for determining whether the claim is barred by

23  the rule in the preceding paragraph is whether the claim is of a constitutional violation at the

24  underlying trial or of an alleged constitutional violation in the state habeas proceedings. In a

25  federal habeas action, the former can be entertained but the latter cannot.[2]    Although claims

26  ────────────────

27      [2]Examples of claims that may have been raised in a state habeas proceeding that are for
constitutional violations in the trial proceedings (and therefore are cognizable in a federal habeas
28  action) include a claim of a biased trial judge, a *Brady* claim, and a claim of ineffective

5

may arrive in a federal habeas court after having been presented to state courts in state habeas petitions, the federal court can entertain only those claims that pertain to the trial and not to the state habeas proceeding. The next step is to figure out whether Alspaw's claims are for violations in the trial proceedings or for violations at the state habeas proceedings.

Alspaw's due process claim is not cognizable in a federal habeas action because it is for errors in the state habeas proceeding rather than at her criminal trial. Alspaw alleges that the California Court of Appeal wrongly decided the appeal on the § 1473.5 habeas petition. Her allegation that the California Court of Appeal violated her right to due process by depriving her of her right under § 1473.5 to have her case retried with the new intimate partner battering evidence goes to the substance of the appellate court's decision on the habeas proceeding. She also alleges that the state court of appeal did not allow evidence of animal cruelty to be considered in the § 1473.5 proceeding, but that also amounts to an assertion of a mistake in the state habeas proceedings. Alspaw does not identify or allege a constitutional violation at her trial with regard to the intimate partner battering evidence. There is no cognizable federal due process claim based on the state appellate court's decision in the § 1473.5 habeas proceeding.

Alspaw's assertion that the California Court of Appeal's decision deprived her of her "current statutory right for her case to be retried using this new evidence," Petition, p. 6a, does not help her because it is a claim for a violation or misapplication of state law. Federal habeas relief is not available for state law errors. *See Swarthout v. Cooke*, 131 S. Ct. at 861-62.

There is some legal authority for the proposition that a violation of a state law might implicate federal due process concerns, but only if the state statute creates a protected "liberty interest." *See Bonin v. Calderon*, 59 F.3d 815, 841 (9th Cir. 1995) ("*Bonin I*"). A state law creates a "liberty interest" protected by the Due Process Clause if the law: (1) contains

---

assistance of counsel at trial. Examples of claims that may have been raised in a state habeas proceeding or are based on a state habeas proceeding that *are not* for constitutional violations in the trial proceedings (and therefore *are not* cognizable in a federal habeas action) include a claim that a petitioner was denied counsel in the state habeas proceeding, a claim that there was a delay in the state habeas proceeding, and a claim that the state habeas court erroneously excluded evidence.

United States District Court
For the Northern District of California

"substantive predicates" governing official decision making; (2) contains "explicitly mandatory language" specifying the outcome that must be reached if the substantive predicates are met; and (3) protects "some substantive right protected by the Constitution." *Id.* at 842; *see, e.g.*, *Bonin v. Calderon*, 77 F.3d 1155, 1161-62 (9th Cir. 1996) ("*Bonin II*") (even assuming violation of state law in setting execution date, no federal habeas claim because there is no deprivation of federal substantive right); *Bonin I*, 59 F.3d at 842 (California statute which gives defendant in capital case right to have two defense attorneys argue on his behalf does not create protected liberty interest cognizable in habeas because it contains neither "substantive predicates" nor "explicitly mandatory language," and there is no federal constitutional right to have two attorneys make closing arguments). Even if she could satisfy the first two requirements, Alspaw's claim would fail on the third requirement, i.e., she has not shown that the state law (i.e., allowance of a habeas petition to assert an intimate partner battering defense based on new evidence) protects a substantive right protected by the Constitution. She cannot tether her claim to any federal due process right to present evidence at the criminal trial, *see generally Montana v. Egelhoff*, 518 U.S. 37, 42 (1996), because the § 1473.5 habeas proceeding was not the trial and because the same expert who testified at the § 1473.5 hearing had been allowed to testify at trial about the same subject matter (even though her opinion had changed). Alspaw's cited cases do not show the federal due process right she claims. Alspaw cites to a concurring opinion in *Ford v. Wainwright*, 477 U.S. 399, 428 (1986) (O'Connor J., concurring) as support for the alleged "federal due process right to be awarded her state statutory right to have her case re-tried under section 1473.5." Petition, p. 6b. *Ford* did not establish the existence of a federal due process right to a retrial under § 1473.5, and instead concluded that the Eighth Amendment prohibited the State from executing a prisoner who was then insane. Alspaw's other case, *Green v. Catoe*, 220 F.3d 220 (4th Cir. 2000), *abrogated on other grounds by Bell v. Jarvis*, 236 F.3d 149 (4th Cir. 2000), did not pertain to an error in the state's post-conviction procedure and instead concerned an alleged due process violation in the resolution of a convict's direct appeal "based on a state's change of its law." *Id.* at 229. Unlike the petitioner in that case, Alspaw did

7

1    not face a change in the state law that worked to her detriment and the error of which she

2    complains occurred in the state habeas proceedings.

3         Alspaw does not appear to challenge the § 1473.5 scheme itself, nor does she allege

4    anything that suggests she could meet the high standard of showing that the § 1473.5 relief

5    procedures established by California offend due process.  In a somewhat analogous situation

6    (although in a § 1983 rather than habeas context), the Supreme Court explained the limits of due

7    process with regard to a person's state-created rights to set aside a conviction with new evidence

8    of innocence in *District Attorney's Office For The Third Jud. Dist. v. Osborne*, 129 S. Ct. 2308,

9    2320 (2009).  There, the convict in Alaska wanted to compel DNA testing of certain evidence

10   that allegedly would prove his innocence.  The Court noted that Alaska state law provided that

11   those who use newly discovered evidence to establish their innocence could obtain a vacation

12   of their convictions in the interest of justice, and determined that this gave an Alaska convict a

13   liberty interest in demonstrating his innocence with new evidence.  *See id.* at 2319.  But that did

14   not mean that the full panoply of trial rights had to be extended to protect that postconviction

15   liberty interest.  *Id.*  The Court explained that the State has "more flexibility in deciding what

16   procedures are needed in the context of postconviction relief" because a defendant "proved

17   guilty after a fair trial does not have the same liberty interests as a free man." *Id.* at 2320.

18        [The convict's] right to due process is not parallel to a trial right, but rather must be
          analyzed in light of the fact that he has already been found guilty at a fair trial, and has
19        only a limited interest in postconviction relief. . . . [T]he question is whether
          consideration of [the convict's] claim within the framework of the State's procedures for
20        postconviction relief 'offends some principle of justice so rooted in the traditions and
          conscience of our people as to be ranked as fundamental,' or 'transgresses any recognized
21        principle of fundamental fairness in operation.' . . . Federal courts may upset a State's
          postconviction relief procedures only if they are fundamentally inadequate to vindicate
22        the substantive rights provided.

23   129 S. Ct. at 2320.  The Court found "nothing inadequate" about the procedures provided by the

24   State to vindicate its state right to postconviction relief in general, and nothing inadequate about

25   how those procedures apply to those who seek access to DNA evidence.  *Id.*  Similarly, Alspaw

26   has identified nothing inadequate about the § 1473.5 scheme and only complains of the result

27   reached in her particular case.

28

b.   Ineffective Assistance Of Counsel Claim

Alspaw's second claim is that the California Court of Appeal violated her Sixth and Fourteenth Amendment rights "by unreasonably finding that the original trial counsel had a tactical reason for failing to admit evidence regarding Swanson's prior sadistic behavior," i.e., his history of animal cruelty.   Petition, p. 6e.   As a challenge to the § 1473.5 proceeding, the claim is not cognizable for the same reason that the due process claim is not cognizable, i.e., errors in the state habeas proceedings are not cognizable in a federal habeas action.  With liberal construction, her allegations could be construed to be a claim of ineffective assistance of counsel at the 1996 murder trial.  As so construed, the claim would be cognizable, but would have to be dismissed for the reasons explained in the next section.

B.   The Petition Is Not Timely

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

Alspaw's conviction became final and the limitations period began on July 21, 1998, ninety days after the California Supreme Court denied her petition for review on April 22, 1998. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the petitioner could have sought further direct review, regardless of whether he did so).  The presumptive deadline for Alspaw to file her federal petition was July 21, 1999.  She missed that deadline by more than eleven years, so unless she qualifies for substantial tolling, the petition is untimely.

1    The one-year limitations period is tolled for the "time during which a properly filed

2    application for State post-conviction or other collateral review with respect to the pertinent

3    judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Alspaw's state habeas petition was filed

4    in 2006, more than seven years after the limitations period had ended.   The state petition had

5    no tolling effect because the limitations period had ended years earlier.   *See Ferguson v.*

6    *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation

7    of the limitations period that has ended before the state petition was filed," even if the state

8    petition was timely filed).

9    The one-year limitations period can be equitably tolled because § 2244(d) is not

10   jurisdictional. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "'A litigant seeking equitable

11   tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights

12   diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* at 2562 (quoting

13   *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rasberry v. Garcia*, 448 F.3d 1150,

14   1153 (9th Cir. 2006) (quoting *Pace*).   Alspaw argues that her delay should be excused because

15   she is in prison, indigent, and had no legal representation. *See* Traverse, p. 7.   These are routine

16   circumstances present for many, if not most, habeas petitioners and do not amount to the sort of

17   extraordinary circumstances that warrant equitable tolling. *See Rasberry*, 448 F.3d at 1153 ("a

18   pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance

19   warranting equitable tolling"); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th

20   Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar).

21   Alspaw notes that respondent never complained about any delay in state court.   That

22   simply does not matter.   The federal habeas statute of limitations does not apply to state court

23   proceedings so there would have been no reason for respondent to raise it as a bar.

24   The Ninth Circuit recently decided that a credible showing of actual innocence under

25   *Schulp v. Delo*, 513 U.S. 298 (1995) can warrant equitable tolling of the habeas statute of

26   limitations period and excuse a missed deadline under that statute. *Lee v. Lampert*, ___ F.3d

27   ___, 2011 WL 3275947, *1 (9th Cir. Aug. 2, 2011) (en banc).   In order to qualify for this kind

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

of equitable tolling, the petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *Schulp*, 513 U.S. at 327. Alspaw does not explicitly claim that she is entitled to equitable tolling based on actual innocence. With liberal construction, however, her request that the court consider new expert testimony relating to intimate partner battering could be construed as an assertion of actual innocence.

Alspaw's evidence does not meet the standard required to make a credible showing of actual innocence. The intimate partner battering evidence could be relevant to Alspaw's mental state at the time she killed her ex-boyfriend, for example, by supporting an imperfect self-defense claim and thus reducing the crime from first degree murder to manslaughter.[3] In theory, new evidence of an imperfect self-defense could support a claim of actual innocence of first degree murder. Here, however, the evidence did not do so for mostly the same reasons as the California Court of Appeal discussed in its determination that Alspaw could not establish prejudice in her § 1473.5 proceeding, i.e., "[t]he prosecution presented an extremely strong case that Alspaw committed a willful, premeditated and deliberate murder." 2010 WL 3194678, *17. Specifically, Alspaw admitted that she had made and discussed plans to shoot the victim, had paged the victim about ten times the night of the killing, had suggested that the victim walk with her on the trail where she later shot him, and had used the victim's ATM card after shooting him. *Id.* Also, "Alspaw's own description of Swanson's final moments established that she was not acting in self-defense, either reasonable or unreasonable" because she admitted that she had shot him because she did not want him to be in pain, whereas self-defense requires that the defendant act solely under the influence of fear. *Id.* (citing *In re Christian S.*, 7 Cal. 4th 768, 783 (1994)). The California Court of Appeal determined that, "[h]ad the jury [in 1996] heard evidence of Dr. Kaser-Boyd's opinion in 2008, it is not reasonably probable that the results of the trial would

---

[3]California recognizes the defense of "imperfect self-defense" to the charge of murder. "'An honest but unreasonable belief that it is necessary to defend oneself from imminent peril to life or great bodily injury negates malice aforethought, the mental element necessary for murder, so that the chargeable offense is reduced to manslaughter.'" *In Re Christian S.*, 7 Cal. 4th 768, 773 (Cal. 1994), quoting People v. Flannel, 25 Cal. 3d 668, 674 (Cal. 1979).

have been different." 2010 WL 3194678, *18.  Any actual innocence argument to excuse the missed  statute of limitations deadline has the same problem:  the planning and preparation evidence presents just too high a hurdle for Alspaw to overcome with the intimate partner battering evidence.  Alspaw has failed to show that "it is more likely than not that no reasonable juror would have found [her] guilty beyond a reasonable doubt," *Schlup* 513 U.S. at 327.  Thus, there is not a ground to equitably toll the habeas statute of limitations.

A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### CONCLUSION

Respondent's motion to dismiss is GRANTED.  (Docket # 5.)  The petition for writ of habeas corpus is dismissed because it fails to state a claim upon which federal habeas relief may be granted and because it  was not filed before the expiration of the habeas statute of limitations period.

The clerk will close the file.

IT IS SO ORDERED.

DATED: September 27, 2011

_____
SUSAN ILLSTON
United States District Judge